IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-CR-30060 |
| | ) | |
| JASON BALLARD and | ) | |
| RYAN C. ROBINSON, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Ryan C. Robinson's oral motion to sever and Defendant Jason Ballard's Motion to Continue Jury Trial (d/e 94). The oral motion to sever is DENIED with leave to refile. The Motion to Continue is GRANTED, and the trial is continued approximately 90 days.

### I. BACKGROUND

On September 5, 2017, a Complaint (d/e 1) was filed charging Ryan C. Robinson and Jason Ballard with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B). On October 3, 2017, the grand jury returned an Indictment (d/e 17) charging Defendants consistent with the Complaint. The Indictment also contains forfeiture allegations against Ballard. Both Defendants are detained.

The case was continued in November 2017 and January 2018 on motions filed by both Defendants. On March 2, 2018, Ballard filed a pro se motion to dismiss counsel. On March 6, 2018, Robinson filed a motion to continue the trial from April 3, 2018 to the week of April 16. Robinson also filed a Speedy Trial Demand (d/e 36). The Government filed a motion to continue the trial until the matter of Ballard's representation was settled.

On March 12, 2018, the Court held a hearing and granted Ballard's motion for new counsel. The Court deferred ruling on any motions to continue until Ballard's newly appointed attorney could review the case. On that same date, Robinson filed a Motion to Sever (d/e 37).

On March 21, 2018, the Court denied Robinson's Motion to Sever with leave to refile. See Order (d/e 40) (finding Robinson's demand for a speedy trial did not warrant a severance at this time but granting Robinson leave to refile his motion if the delay

§§ 841(a)(1) and (b)(1)(B). On October 3, 2017, the grand jury returned an Indictment (d/e 17) charging Defendants consistent with the Complaint. The Indictment also contains forfeiture allegations against Ballard. Both Defendants are detained.

The case was continued in November 2017 and January 2018 on motions filed by both Defendants. On March 2, 2018, Ballard filed a pro se motion to dismiss counsel. On March 6, 2018, Robinson filed a motion to continue the trial from April 3, 2018 to the week of April 16. Robinson also filed a Speedy Trial Demand (d/e 36). The Government filed a motion to continue the trial until the matter of Ballard's representation was settled.

On March 12, 2018, the Court held a hearing and granted Ballard's motion for new counsel. The Court deferred ruling on any motions to continue until Ballard's newly appointed attorney could review the case. On that same date, Robinson filed a Motion to Sever (d/e 37).

On March 21, 2018, the Court denied Robinson's Motion to Sever with leave to refile. See Order (d/e 40) (finding Robinson's demand for a speedy trial did not warrant a severance at this time but granting Robinson leave to refile his motion if the delay

approaches one year). The Court granted the Government's motion to continue the trial and set the trial for June 5.

Robinson was prepared to proceed to trial on June 5, and the Court held a final pretrial conference on May 21, 2018. Ballard was scheduled to plead guilty on May 24, 2018.

On May 22, 2018, the grand jury returned a Superseding Indictment (d/e 73). The Superseding Indictment charged Defendants with possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). The Superseding Indictment also contains forfeiture allegations against Ballard. The amendment had the effect of increasing the statutory mandatory minimum sentences for Defendants.

Ballard elected not to plead guilty after the filing of the Superseding Indictment. On May 25, 2018, Ballard attorney moved to withdraw as counsel.

On May 29, 2018, the Court held a hearing on the Motion to Withdraw (d/e 80). The Court granted the Motion and appointed new counsel to represent Ballard. Ballard moved for a continuance of the trial, to which the Government did not object. Robinson

objected to a continuance and moved to sever the trials. Robinson also renewed his speedy trial demand. The Court granted the continuance over Robinson's objection and set the case for a jury trial on July 10, 2018. The Court set the oral motion for severance for a hearing.

On May 31, 2018, Robinson filed a motion to continue the trial (d/e 84) from July 10, 2018 to July 23, 2018 so that additional pro bono counsel, Sarah Noll, could participate in the trial. On June 11, 2018, the Court held a hearing on the motion to continue and the motion to sever. Without objection, the Court granted the motion to continue. The Court granted counsel for Ballard additional time to respond to the motion to sever.

On July 5, 2018, Ballard filed a response objecting to Robinson's motion to sever. Ballard also filed a Motion to Continue Jury Trial (d/e 94) for 120 days. Ballard asserts that he intends to proceed to trial and that his counsel needs additional time to review the voluminous discovery. The Government does not object (d/e 97). Robinson objects to any continuance and demands his trial as previously scheduled (d/e 96).

# II. ANAYSIS

## A. <u>Motion to Sever is Denied</u>

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b). Pursuant to Rule 14, the Court can sever codefendants' trials or provide such other relief as justice requires:

> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> **(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Fed. R. Crim. P. 14.

Strong public policy supports having defendants who are indicted together tried together. <u>United States v. Studley</u>, 892 F.2d 518, 523 (7th Cir. 1989). However, a defendant is entitled to a severance if he can show that a "fair trial cannot be had without

severance." United States v. Kendall, 665 F.2d 126, 137 (7th Cir. 1981) (internal quotation marks and citation omitted). Specifically, severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Plato, 629 F.3d 646, 651 (7th Cir. 2010) (internal quotation marks and citation omitted). Circumstances that may warrant a severance include: "the spillover effect of testimony the Government offers against a co-defendant or the prospect of issues implicating the holding of Bruton v. United States[.]"¹ United States v. Hughes, 310 F.3d 557, 563 (7th Cir. 2002). The district court's decision is reviewed for an abuse of discretion, but the Seventh Circuit will reverse a denial of a motion to sever only if actual prejudice resulted. United States v. Alviar, 573 F.3d 526, 539 (7th Cir. 2009).

The Court finds that this case is not in any appreciably different position than when the Court denied the motion to sever in

---

¹ Bruton v. United States, 391 U.S. 123, 137 (1968) (holding that the Sixth Amendment right to confront witnesses is violated when the confession of a nontestifying co-defendant implicating the defendant is admitted in a joint trial of both defendants).

March 2018 (see Order (d/e 40)), and the Court adopts that reasoning here. Defendant has demanded a speedy trial under the United States Constitution (d/e 36), and the delay in trial is approaching one year. However, the length of the delay has been largely a result of continuances sought by Robinson in November 2017 and January 2018, as well as the approximately two-week continuances sought in March 2018 and May 2018. The additional delay is reasonable, as Ballard has been appointed new counsel who needs time to prepare for trial. Moreover, Robinson has not shown prejudice. At this time, the Court will not sever Defendants' trials. See, e.g., United States v. Thompson, No. 3:09-CR-64, 2010 WL 2639959, at *5 (E.D. Tenn. June 25, 2010) (finding the "fact that a defendant remains in custody pending a reasonable continuance granted at the request of a codefendant does not constitute the type of compelling prejudice that results in a severance"); but see United States v. Chantharath, No. 10-40004-01, 10-40004-06, and 10-40004-11, 2011 WL 4833048 , at * 5 (D. S.D. Oct. 12, 2011) (granting severance where two defendants had been waiting for trial for 20 months and 18 months respectively, much of the delay was attributable to the government superseding

the original indictment seven times and adding defendants six times, and defendants demanded a speedy trial).

**B.    <u>Motion to Continue is Granted</u>**

The Court grants Ballard's Motion to Continue but continues the trial for 90 days instead of the 120 days requested. Ballard intends to proceed to trial, and his counsel needs additional time to review the discovery. Consequently, the Court finds, pursuant to Title 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting the continuance outweigh the best interest of the public and both of the Defendants in a speedy trial. As noted above, judicial economy supports trying the two defendants together. In addition, any time excluded as to one defendant is excludable as to his codefendants, absent severance. <u>United States v. Patterson</u>, 872 F.3d 426, 433 (7th Cir. 2017) ("In a case with multiple defendants, any excludable delay attributable to one defendant is excludable as to his co-defendants."); <u>see</u> <u>also</u> 18 U.S.C. § 3161(h)(6) (providing that the following period of time is excluded when computing the time within which a trial must commence: "[a] reasonable period of delay when the defendant is joined for trial

with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

### III. CONCLUSION

Defendant Robinson's oral motion to sever is DENIED with leave to refile. Defendant Ballard's Motion to Continue Jury Trial (d/e 94) is GRANTED. The Court finds, pursuant to Title 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting the continuance outweigh the best interest of the public and Defendants in a speedy trial for the reasons stated herein. The delay is also excludable pursuant to 18 U.S.C. § 3161(h)(6). The Final Pretrial Conference set for July 13, 2018 at 1:30 p.m. is VACATED and RESET to October 12, 2018 at 11:00 a.m. in Courtroom 1 in Springfield before Judge Sue E. Myerscough. The Jury Trial set for July 24, 2018 is VACATED and RESET to October 23, 2018 at 9:00 a.m. Unless the parties have already done so, the following documents shall be filed before noon on October 1, 2018: (1) witness lists, exhibit lists, and stipulations; (2) one copy of proposed jury instructions that the parties have agreed upon; (3) separate copies from each party of any disputed jury instructions; (4) an agreed statement of the case; (5) any non-routine voir dire

questions; and (6) all pretrial motions. The witness lists shall be filed under seal. The parties shall bring their marked exhibits to the Final Pretrial Conference. Objections to witnesses, exhibits, non-routine voir dire questions, and jury instructions, as well as responses to pretrial motions, shall be made in writing, with citation to legal authority, by noon on October 4, 2018. Any further responses or replies shall be filed by noon on October 9, 2018.

**ENTERED: July 6, 2018**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**