```
IN THE UNITED STATES DISTRICT COURT
    CENTRAL DISTRICT OF ILLINOIS
         SPRINGFIELD DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-CR-30060 |
| ) | |
| JASON BALLARD and ) | |
| RYAN C. ROBINSON, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

A grand jury charged Defendants Jason Ballard and Ryan C. Robinson with possession with intent to distribute 50 grams or more of methamphetamine pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Superseding Indictment (d/e 73). Defendants each filed a Motion to Suppress (d/e 101, 102). United States Magistrate Judge Tom Schanzle-Haskins held an evidentiary hearing and issued a Report and Recommendation (d/e 116) on October 25, 2018. Judge Schanzle-Haskins recommended that this Court deny the Motions to Suppress.

Defendants filed timely objections (d/e 117, 118), and the Government has responded (d/e 119). The Objections are

OVERRULED, and the Court ACCEPTS and ADOPTS the Report and Recommendation.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 59(b)(3), this Court considers "de novo any objection to the magistrate judge's recommendation." This Court may "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate with instructions." Fed.R.Crim.P. 59(b)(3).

## II. FACTS

The Court adopts Judge Schanzle-Haskins' Statement of Facts with additional facts noted below by citation to the transcript of the evidentiary hearing or other evidence.

To summarize, on August 27, 2017, at approximately 6:06 p.m., Fulton County Sheriff's Deputy Josh Twidwell, a K-9 officer, conducted a traffic stop on a black Jeep Grand Cherokee (SUV) after receiving information from officers with the West Central Illinois Task Force that the SUV had been at a drug house in Quincy, Illinois, was traveling toward Peoria, and that Task Force officers were following the SUV. After stopping the SUV for speeding, Deputy Twidwell received from the driver, Defendant

Jason Ballard, a temporary Illinois driver's license and a rental car receipt.

The rental receipt indicated that a person named Bobbie Grant rented the SUV at 1:11 p.m. in San Jose, California on August 25, 2017 and listed passenger Defendant Ryan Robinson as an additional driver. The SUV was scheduled to be returned in Chicago on August 28, 2017. Gov. Ex. 1; Tr. at 98 (d/e 104) (Task Force officer Nick Hiland) (testifying that he learned where and when the vehicle was rented and the name associated with the rental, although he testified the vehicle was rented at 11:00 p.m. on August 25).

At 6:11 p.m., Deputy Twidwell asked Dispatch for registration information regarding the SUV but did not give Ballard's driver's license information to Dispatch at that time. Two other officers arrived at the scene. At 6:11:38 p.m., Deputy Twidwell notified Dispatch that he had exited his vehicle with his canine to conduct a free-air sniff around the SUV. Deputy Twidwell testified that, as he exited his vehicle with his canine, Dispatch relayed the registration information back to him. Tr. at 38-39; Tr. 16 (Deputy Twidwell) (testifying that Dispatch relayed the registration information at

6:11:29, or nine seconds before he advised Dispatch that he had exited his vehicle with the canine).

Within 20 to 30 seconds of leaving Deputy Twidwell's vehicle, the canine alerted on the SUV. The officers thereafter searched the SUV and found methamphetamine and marijuana. At 6:18:49, Deputy Twidwell radioed to Dispatch the driver's license information on Ballard. Dispatch returned information on Ballard's license one to two minutes later. Ballard was issued a traffic citation for speeding. Defendants were also arrested and charged with possession of methamphetamine and cannabis with the intent to deliver.

### III. ANALYSIS

In his Report and Recommendation, Judge Schanzle-Haskins found that Deputy Twidwell had probable cause to stop the SUV for speeding.[1] Report and Recommendation at 7. Judge Schanzle-Haskins further found that the dog sniff did not prolong the stop

---

[1] The Court notes that a police officer only needs reasonable suspicion to make a traffic stop. See Navarette v. California, 572 U.S. 393, 396 (2014) ("The Fourth Amendment permits brief investigative stops—such as the traffic stop in this case—when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity.") (internal quotation marks omitted).

beyond the time necessary to complete the traffic stop and issue a ticket. Id. at 12. Finally, Judge Schanzle-Haskins found that, even if the Defendants were detained beyond the time needed to conduct the traffic stop, the officers had reasonable suspicion that the SUV may have contained illegal drugs and, therefore, properly detained the SUV beyond the time needed to complete the traffic stop. Id.

Defendants raise two objections. First, Defendants assert that Deputy Twidwell unduly prolonged the stop when he deployed his canine to search the SUV and that he lacked reasonable suspicion to prolong the stop. In particular, Defendants state that, by deploying the canine, Deputy Twidwell delayed reporting Ballard's driver's license information to Dispatch until approximately 12 minutes into the traffic stop. Second, Defendants challenge Judge Schanzle-Haskins credibility determination.

Generally, the use of a drug-detection dog around a car's exterior during a traffic stop poses no Fourth Amendment issues. Illinois v. Caballes, 543 U.S. 405, 410 (2005) (upholding dog sniff that second officer conducted while first officer wrote warning ticket). If, however, a stop is justified solely by the interest in issuing a ticket, the stop becomes unlawful if it is "prolonged

beyond the time reasonably required to complete that mission." Caballes, 543 U.S. at 407. When the tasks related to the stop's purpose have ended—or reasonably should have ended—the authority to detain the car's occupants ends as well. Rodriguez v. United States, 135 S. Ct. 1609, 1614 (2015) ("Authority for the seizure ... ends when tasks tied to the traffic infraction are—or reasonably should have been—completed."). The "critical question" is whether the stop was prolonged by the sniff. Id. at 1616. Officers must be "reasonably diligent" in pursuing the traffic-related purpose of the stop. Id. "If an officer can complete traffic-based inquiries expeditiously, then that is the amount of time reasonably required to complete the stop's mission." Id. (remanding for consideration of whether reasonable suspicion of criminal activity justified detaining defendant beyond completion of traffic stop) (quotation and alteration omitted).

Defendants assert that Deputy Twidwell stopped completing the purpose of the stop—issuing a traffic ticket—and embarked on a new purpose by walking the canine around the SUV. According to Defendants, this added time to the stop, making it unlawful

because the officers did not have reasonable suspicion to extend the stop.

The Court finds that the stop was not prolonged. Deputy Twidwell diligently performed the tasks associated with the traffic stop and only approximately six minutes elapsed between the stop and alert, well within the time it would have taken Deputy Twidwell to complete the traffic stop.

In the alternative, the Court finds that, even if Deputy Twidwell detained Defendants beyond the time needed to conduct the traffic stop, the totality of the facts known to Deputy Twidwell and the Task Force officers who directed Deputy Twidwell to intercept the SUV demonstrate that Deputy Twidwell had reasonable suspicion of criminal activity. See United States v. Williams, 627 F.3d 247, 252 (7th Cir. 2010) (holding that the information known to the task force could be imputed to the officer who conducted the stop and search at the direction of the task force). The information collectively known by the Task Force officers—some of which was conveyed to Deputy Twidwell—and information Deputy Twidwell obtained during the traffic stop gave Deputy Twidwell reasonable suspicion to prolong the stop to

conduct a dog sniff. This information included that the SUV was rented two days earlier in San Jose, California, a known narcotics source; the SUV was apparently driven straight through to Quincy, Illinois; the SUV was observed at a residence for which officers had sufficient information to secure a warrant to search for illegal drugs (and secured said warrant before the traffic stop); the owners of the other two vehicles parked at the residence were known to the Task Force; all of the vehicles left the residence at the same time; Defendant Ballard, the driver of the SUV, was not listed on the rental agreement; the SUV was rented by a third party not in the SUV; and Deputy Twidwell observed that Defendants were very stiff, which Deputy Twidwell knew from experience indicated that Defendants were trying to hide their true emotions. See, e.g., United States v. Sanford, 806 F.3d 954, 956, 959 (7th Cir. 2015) (finding the trooper had reasonable suspicion to prolong the stop where: the vehicle had been rented 12 hours earlier; neither occupant of the car was on the rental agreement; a criminal history check indicated two of the occupants of the car were members of a street gang and had various drug arrests; the trooper knew that drug couriers often use cars rented by third parties; I-55 is a known drug corridor; the

occupants were nervous, evasive, and made poor eye contact; and the officer received suspicious information from the driver about where she had been).

The Court recognizes that simply being in the presence of others engaged in criminal activity or leaving a location where it is suspected that criminal activity has occurred is not sufficient, standing alone, to establish reasonable suspicion.  See Matz v. Klotka, 769 F.3d 517, 523 (7th Cir. 2014) (citing cases).  However, more information existed here, including that the SUV had been rented two days earlier in San Jose, California, a known narcotics source, and driven straight through, which Inspector Hiland testified was indicative of drug trafficking.  The collective information, consisting of specific and articulable facts, taken together, was sufficient to give Deputy Twidwell "'a particularized and objective basis'" for suspecting Defendants were engaged in criminal activity.  United States v. Rodriguez-Escalera, 884 F.3d 661, 668 (7th Cir. 2018) (quoting Heien v. North Carolina, 135 S. Ct. 530, 536 (2014)).  The dog sniff occurred within approximately six minutes of the stop.  Once the dog alerted to the SUV, Deputy Twidwell had probable cause to search the SUV.  United States v.

Washburn, 383 F.3d 638, 643 (7th Cir. 2004) (noting that "a positive alert by a trained drug dog gives rise to probable cause to search a vehicle").

Defendants also object to Judge Schanzle-Haskins' finding that Deputy Twidwell's testimony was credible. Defendants assert that Deputy Twidwell was not credible given the inconsistences and omissions in his written police report.

Defendants' objections to the credibility findings do not require that this Court conduct a further evidentiary hearing, unless the Court is inclined to reject the credibility findings. United States v. Raddatz, 447 U.S. 667, 675-76 (1980) (the district court is not required to conduct a new hearing when accepting a magistrate judge's credibility findings—"the statute calls for a de novo determination, not a de novo hearing"); see also Jackson v. United States, 859 F.3d 495, 499 (7th Cir. 2017) (a district judge "may not reject a magistrate judge's material credibility findings based on a witness's live testimony, without first holding a de novo evidentiary hearing"). The Court has reviewed the entire record and determined that the record supports Judge Schanzle-Haskins' credibility finding. Therefore, an additional hearing is not needed.

Defendants assert that Deputy Twidwell was not credible because he testified about facts that were not contained in the police report. However, a police report is a summary of what occurred and is not "'an all-encompassing account of exactly what was said and done'" during the encounter. United States v. Freeman, 691 F.3d 893, 900-01 (7th Cir. 2012) (quoting United States v. Eddy, 8 F.3d 577, 582 (7th Cir. 1993)). Moreover, Deputy Twidwell's testimony was consistent with the testimony of the other witnesses and the evidence submitted. This Court finds that the evidence supports Judge Schanzle-Haskins' credibility finding.

## IV. CONCLUSION

For the reasons stated, the Objections (d/e 117, 118) are OVERRULED. The Court ACCEPTS and ADOPTS the Report and Recommendation (d/e 116). The Motions to Suppress (d/e 101, 102) are DENIED.

**ENTERED: November 28, 2018**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**