IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-30060-1 |
| ) | |
| JASON BALLARD, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jason Ballard's motion for compassionate release (d/e 180) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On January 4, 2019, Defendant pled guilty to possessing with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On May 13, 2019, the Court sentenced Defendant to 80 months' imprisonment and 10 years of supervised release.

Defendant is serving his sentence at FCI Forrest City Low and

has a projected release date of May 4, 2023. As of June 18, 2020, the Bureau of Prisons (BOP) reports that FCI Forrest City Low currently has 150 confirmed cases of COVID-19. BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 18, 2020). The BOP also reports that an additional 553 individuals at FCI Forrest City Low who contracted COVID-19 have recovered. Id. None of the inmates at FCI Forrest City Low who contracted COVID-19 have died. Id.

In addition, the BOP has received the test results for 1,751 inmates at FCI Forrest City Low who were tested for COVID-19 and is awaiting the test results regarding one other inmate. Id. As of June 18, 2020, 1,752 inmates are incarcerated at FCI Forrest City Low. FCI Forrest City Low, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/for/ (last accessed June 18, 2020).

On May 26, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant requests compassionate release due to his asthma, his high blood pressure, and the COVID-19 pandemic. Defendant's written request to the BOP for compassionate release, dated April 7,

2020, was denied in a letter dated May 8, 2020. Motion (d/e 180), at 3-4.

According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, Defendant advised that he had been diagnosed with asthma and high blood pressure. PSR (d/e 175), ¶¶ 65, 67. Defendant is African-American and is currently 34 years old. Id. at 3. Defendant is noted as standing 6 feet, 1 inch tall and weighing 312 pounds. Id. ¶ 64.

Defendant proposes to live with his sister if he is released from custody. The United States Probation Office, in a Memorandum (d/e 183) addressing Defendant's request for compassionate release, concludes that, Defendant's sister's house appears to be a suitable residence for Defendant. The Memorandum also notes that, on May 7, 2020, Defendant was diagnosed with asymptomatic COVID-19, which has been resolved since May 26, 2020.

On June 5, 2020, the Government filed a Response in Opposition to Defendant's Motion for Compassionate Release (d/e 185). The Government argues that, because Defendant has tested positive for the coronavirus that causes COVID-19 without exhibiting any symptoms, Defendant has not proffered an

extraordinary and compelling reason warranting a sentence reduction. Medical records attached to the Government's response state that Defendant suffers from obesity, asthma, and essential hypertension. Medical Records (185-2), at 13. The records also indicate that Defendant tested positive for the coronavirus that causes COVID-19 on May 1, 2020. Id. at 17-18.

On June 8, 2020, Defendant filed a Supplement and Request for a Hearing (d/e 186). The supplement indicates that, after Defendant's positive coronavirus test, Defendant was placed in a unit with other inmates who had tested positive and that BOP officials later informed Defendant and other inmates that their positive tests may have been faulty. The Court granted Defendant's request for a hearing in a text order entered on June 9, 2020.

On June 18, 2020, the Court held a video conference hearing on Defendant's motion for compassionate release. At the hearing, the Court was informed that counsel for the Government had spoken to Joe McGuire, assistant general counsel for the BOP, who stated that BOP officials would not have told inmates at FCI Forrest City Low that coronavirus test results may have been faulty and, if the BOP suspected that something was wrong with Defendant's test

results, that the BOP would have had Defendant retested. Defendant stressed the positive steps he has taken while in BOP custody and the lack of violence in his criminal history.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP,

whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the CDC and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social

distancing can be difficult for individuals living or working in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment.  Defendant is African-American and suffers from asthma, hypertension, and obesity.  These factors increase the risk that a person will have severe complications from COVID-19.  <u>See</u> People Who Are at Higher Risk for Severe Illness - Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed June 18, 2020); COVID-19 in Racial and Ethnic Minority Groups, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html (last accessed June 18, 2020).

However, Defendant tested positive in early May 2020 for the coronavirus that causes COVID-19 and exhibited no symptoms. Such an occurrence does not appear to be uncommon.  <u>See</u> No Symptoms in 37% of COVID-19 Nursing Home Patients, Research Finds, Center for Infectious Disease Research and Policy,

https://www.cidrap.umn.edu/news-perspective/2020/06/no-symptoms-37-covid-19-nursing-home-patients-research-finds (last accessed June 18, 2020).  Even assuming that Defendant is at risk of being infected again with the coronavirus that causes COVID-19, nothing suggests that Defendant would not again be asymptomatic.

Defendant attempts to cast doubt on his positive coronavirus test, indicating that BOP officials informed him and other inmates that their test results may be faulty.  Not only does the BOP deny that such a statement would have been made to inmates, the BOP indicates that it would have retested Defendant had there been a potential problem with his test results.  The fact that the BOP has tested every single inmate currently at FCI Forrest City Low supports the BOP's statement about retesting.  The Court accepts Defendant's test results at face value and concludes that he contracted COVID-19 yet experienced no symptoms.

Further, Defendant has approximately three years left on his 80-month sentence for possessing with the intent to distribute a significant amount of methamphetamine.  The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons

that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Jason Ballard's motion for compassionate release (d/e 180) is DENIED.

ENTER: June 18, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE